Robert P. Hooper v. Commissioner.
Hooper v. Commissioner
Docket No. 10469.
United States Tax Court
1947 Tax Ct. Memo LEXIS 64; 6 T.C.M. (CCH) 1114; T.C.M. (RIA) 47275; October 9, 1947
*64 J. Warren Brock, Esq., 1418 Packard Bldg., Philadelphia 2, Pa., for the petitioner. Karl W. Windhorst, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $4,031.79 in gift tax for 1942. The petitioner reported a gift of 300 shares of common stock of Wm. E. Hooper & Sons Company on December 30, 1942, at a value of $30,000. The Commissioner determined the value to be $67,500. The only issue for decision is the value of that gift. Findings of Fact The petitioner filed his gift tax return for 1942 with the collector of internal revenue for the first district of Pennsylvania. He created a trust for the benefit of his daughter and on December 30, 1942, transferred to the trust 300 shares of the common stock of Wm. E. Hooper & Sons Company. He reported the gift on his gift tax return for 1942 at a value of $30,000. The Commissioner, in determining the deficiency, held that the value of the gift at the time it was made was $67,500. The fair market value of the 300 shares of Wm. E. Hooper & Sons Company common stock on December 30, 1942 was $39,000. Opinion MURDOCK, Judge: Wm. E. Hooper & Sons Company *65 is a Maryland corporation organized in 1905. It had but one class of stock outstanding and almost all of that stock was closely held by or for members of the Hooper family. It was not listed on any exchange and there were no sales on the open market at any time material hereto. There were some sales within the family group. The corporation has been engaged in the manufacture of cotton duck and other similar heavy cotton goods. It began to develop and use in 1933 a finishing compound which, when applied to the textiles, gave them certain fire, water, and mildew, and weather resisting qualities. The record shows its earnings from the textile department and from the compound department. Balance sheets and other statistical data are in evidence. The evidence also shows something of activities of the corporation up to the date of the gift, including business done by it incident to the war and something of the condition of the plant. The petitioner called two witnesses who gave opinions as to value. The petitioner claims that the value of the stock was less than $100 per share, but since he reported the gift at a value of $100 per share and does not claim any refund, there would be no *66 point in determining a value less than $100 a share. The Commissioner determined that the gift had a value of $67,500, which was at the rate of $225 per share, and claims that the value was at least that large. All of the evidence has been considered and the Court has endeavored to give each part of the evidence the weight to which it is entitled. The finding of fact that the value of the gift was $39,000 decides the only issue in controversy. Decision will be entered under Rule 50.